*Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. Dec. 11, 1998).  We agree with this rationale and hold, as did the district court, that although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.

Searcy urges this court to follow the holding of *White v. Schotten* that a Rule 26(B) application to reopen direct appeal is part of the direct appeal.  *See* 201 F.3d 743, 752 (6th Cir.), *cert. denied*, 121 S. Ct. 332 (2000).  Likewise, Searcy claims, a delayed appeal is part of the direct appeal and should thus toll the starting of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A).   This court has recently made clear, however, that even a Rule 26(B) application, though part of the direct appeal process, will not delay the starting of the statute of limitations:

> It is important to note that [petitioner] will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that § 2244(d)(1)(A)'s one-year statute of limitations not begin until after his Rule 26(B) application has run its course through the courts. Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.

*Bronaugh v. Ohio*, 235 F.3d 280, 285  (6th Cir. 2000).

For the reasons set out above, we AFFIRM the judgment of the district court, holding that the petition for a writ of habeas corpus was not timely filed and must, therefore, be dismissed.

---

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0100P (6th Cir.)
File Name:  01a0100p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

PARRISH SEARCY,
     *Petitioner-Appellant,*

    *v.*

HAROLD CARTER, Warden,
     *Respondent-Appellee.*

No. 99-4187

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 98-00894—James L. Graham, District Judge.

Argued:  February 1, 2001

Decided and Filed:  April 5, 2001

Before:  DAUGHTREY and GILMAN, Çircuit Judges;
COLLIER, District Judge.

_____

**COUNSEL**

**ARGUED:**    William  R.  Gallagher,  ARENSTEIN  & GALLAGHER, Cincinnati, Ohio, for Appellant.  M. Scott Criss,  OFFICE  OF  THE  ATTORNEY  GENERAL,

---

*The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee. **ON BRIEF:** William R. Gallagher, Ravert J. Clark, ARENSTEIN & GALLAGHER, Cincinnati, Ohio, for Appellant. M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee.

———————

## OPINION

———————

MARTHA CRAIG DAUGHTREY, Circuit Judge. In this appeal, we are asked to determine what effect a motion for a delayed appeal, filed under the Ohio Supreme Court's Rules of Practice, has on the one-year statute of limitations contained in 28 U.S.C. § 2244(d), which governs the filing of a federal habeas action.

The petitioner, Parrish Searcy, is an Ohio state prisoner who was convicted of robbery in 1994. He unsuccessfully appealed his conviction to the Ohio Court of Appeals but never filed a timely application for review in the Ohio Supreme Court, instead pursuing a motion for new trial and subsequent appeals from its denial. Three years after completion of his direct appeal, Searcy filed a motion for delayed appeal to the Ohio Supreme Court, which denied the motion. Soon thereafter, Searcy filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the district court found was untimely. On appeal, Searcy asks this court to hold that his motion for delayed appeal delayed the running of the statute of limitations. For the reasons explained below, we hold that a petitioner cannot indefinitely delay the running of the statute of limitations in a federal habeas action by filing a delayed appeal in state court. We therefore affirm the judgment of the district court dismissing the habeas petition as untimely.

(b) The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to *State v. Murnahan* (1992), 63 Ohio St. 3d 60, and App. R. 26(B). The Clerk shall refuse to file motions for delayed appeal involving postconviction relief.

Ohio St. S. Ct. R. II, Section 2. Recently, the Ohio Court of Appeals found that prior case law was unclear on whether "delayed appeals" should be treated as "direct appeals." *See State v. Bird*, 741 N.E.2d 560, 563 (Ohio App. 2000). The court concluded that "the use of the term 'direct appeal' in [the statute governing petitions for post-conviction relief] does not necessarily include delayed appeals." *Id.* More importantly, the court found that the running of the statute of limitations for filing petitions for post-conviction relief could not be "indefinitely delayed" until the filing of a delayed appeal. *See id.* at 562. The court noted that "to hold otherwise would nullify the obvious legislative intent [] to place time limitations on bringing postconviction petitions." *Id.*

In declining to find that the statute of limitations under AEDPA was "retriggered" by the denial of Searcy's motion for a delayed appeal, the district court relied on the rationale of a sister court from the Second Circuit:

This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

certified for appeal. As we have repeatedly recognized, when AEDPA applies, "a court of appeals will address only the issues which are specified in the certificate of appealability." *See*, *e.g.*, *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1074 (6th Cir. 1997), *overruled in part by Lindh v. Murphy*, 521 U.S. 320 (1997). But even if this question were properly before us for review, it would afford Searcy no basis for relief: his motion for a new trial based on new evidence is in the nature of a post-conviction motion, and this court has recently held that the statute of limitations period is not tolled during the time in which a defendant could have filed a petition for certiorari following a state court's denial of post-conviction relief. *See Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000).

Searcy next maintains that the statute of limitations did not begin to run until after the Ohio Supreme Court dismissed his motion for delayed appeal, because a motion for delayed appeal is part of the direct appeal within the meaning of 28 U.S.C. § 2244(d)(1)(A). The state responds that Searcy's conviction became final when he failed to seek timely review of the appellate court's order of August 24, 1995. At best, the state maintains, Searcy's delayed appeal can be considered a collateral appeal that tolled the running of the statute under § 2244(d)(2), but in no event could it be considered to have delayed the running of the statute for three years.

In urging us to recognize that Ohio law treats delayed appeals as part of the direct appeal process, Searcy argues that to hold otherwise would violate state sovereignty by running the federal statute of limitations before the state considers a conviction "final." It is not clear, however, that Ohio treats delayed appeals as part of the direct review for limitations purposes. The Ohio Supreme Court Rules of Practice provide for delayed appeals as follows:

(4)(a) In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. . . .

### PROCEDURAL AND FACTUAL BACKGROUND

The petitioner was sentenced on September 28, 1995, following entry of an order of the Ohio Court of Appeals overturning a firearm specification that Searcy had challenged on direct appeal. Searcy then filed a motion for new trial, claiming that the witness who had identified him as the robber had recanted her testimony. The trial court denied the motion for a new trial, and Searcy appealed. In March 1997, the Court of Appeals affirmed the trial court's judgment, and Searcy requested review by the Ohio Supreme Court. On July 16, 1997, that court denied leave of appeal and dismissed the application as not presenting a substantial constitutional question.

On August 27, 1998, Searcy deposited in the prison mail a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; the petition was filed in the district court on September 4, 1998. That court subsequently held that the petition was not filed within the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1) and, therefore, dismissed the action. In response to Searcy's pro se notice of appeal, the district court granted a certificate of appealability "on the issue presented in this case, i.e., the effect of a motion for delayed appeal on the running of the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), (2)."

### DISCUSSION

Searcy's § 2254 petition was filed after April 24, 1996, the date on which the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective, and thus the provisions of that act apply, including the AEDPA's one-year statute of limitations:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioners whose convictions became final prior to the effective date of AEDPA, April 24, 1996, have one year from the effective date in which to file their petitions.  *See Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 120 S.Ct. 2715 (2000); *see also Hyatt v. United States*, 207 F.3d 831, 832 (2000).

The district court found that the one-year statute of limitations began to run in Searcy's case from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The Ohio Court of Appeals ruled on Searcy's direct appeal on August 24, 1995.  Searcy did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II,

Section 2(A)(1).  Thus, the district court found that Searcy's conviction became "final" within the meaning of AEDPA on October 8, 1995.  Because this was prior to the date on which AEDPA became effective, the statute of limitations did not begin to run until April 24, 1996.  Meanwhile, Searcy had filed a motion for new trial on October 10, 1995, which the district court found to have tolled the running of the statute under § 2244(d)(2) until the Ohio Supreme Court denied Searcy leave to appeal on July 16, 1997.  Thus, the district court held, Searcy had until July 16, 1998, to file his petition, but he did not place it in the prison mail until August 27, 1998.[1]  The district court went on to note that even if Searcy's motion for delayed appeal was a "properly filed" collateral proceeding within the meaning of § 2244(d)(2), such that the statute was tolled from the filing of the delayed appeal on June 8, 1998,  until the Ohio Supreme Court dismissed the appeal on July 15, 1998, the statute still expired on August 22, 1998, prior to the date on which the habeas petition was filed in federal court.

Searcy first maintains that the district court erred in concluding that his motion for a new trial tolled the statute of limitations only until the Ohio Supreme Court denied Searcy leave of appeal on July 16, 1997.  Specifically, Searcy claims that the statute should be tolled for an additional 90 days, the time during which he could have sought review by the United States Supreme Court, which would make the habeas petition in this case timely.  As the state points out, however, this issue is not properly before this court, because it was not

---

[1] Federal Rule of Appellate Procedure 4 provides:
(c) Appeal by an Inmate Confined in an Institution.
(1) If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.