Michael **ROBINSON**, Petitioner–Appellant,

v.

Ernie L. **MOORE**, Warden, Respondent–Appellee.

No. 00–4348.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2001.

Before RALPH B. GUY, JR. and MOORE, Circuit Judges; HULL, District Judge.*

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Michael Robinson, an Ohio prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a jury convicted Robinson of two counts of aggravated murder. The court sentenced him to two consecutive terms of life imprisonment without the possibility of parole for thirty years, and three years of incarceration for the use of a firearm. The Ohio Court of Appeals affirmed the convictions and sentences, and the Ohio Supreme Court dismissed Robinson's appeal in October 1993. Robinson filed his first federal habeas petition in August 1997, but it was dismissed pursuant to Robinson's request. In September 1998, Robinson filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B). The Ohio Court of Appeals denied the application, and the Ohio Supreme Court denied review. Robinson filed the present petition in August 1999, raising four claims. The district court dismissed the petition as barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The district court granted Robinson a certificate of appealability on the statute of limitations issue.

In his appeal, Robinson argues the merits of the claims in his habeas petition but does not address the issue of the statute of limitations.

When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we agree with the district court that Robinson's petition was barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case because Robinson filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Barker v. Yukins,* 199 F.3d 867, 871 (6th Cir.1999), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000). His conviction became final in 1993, when the time for filing a petition for a writ of certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Isham v. Randle,* 226 F.3d 691, 694–95 (6th Cir.2000), *cert. denied,* 531 U.S. 1201, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001). Because his conviction became final before the effective date of the AEDPA, the statute of limitations began to run on April 24, 1996, and expired on April 24, 1997. *See* 28 U.S.C. § 2244(d)(1); *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). Robinson did not file any postconviction relief petitions in the state court to toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). His Rule 26(B) application, filed after the statute of limitations period had already expired, "did not cause the statute to begin running anew when the state court denied the motion." *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001). Thus, both Robinson's August 1997 and August 1999 habeas petitions were untimely.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.