**Steve PENSON, Petitioner–Appellant,**

v.

**Terry L. COLLINS, Warden;  State of Ohio Respondents–Appellees.**

**Nos. 99–4364, 99–4376.**

United States Court of Appeals, Sixth Circuit.

Oct. 10, 2001.

Before NORRIS, COLE, Circuit Judges; and STEEH, District Judge.[*]

STEEH, District Judge.

In this appeal, Petitioner–Appellant Steve A. Penson appeals the district court's dismissal of his two habeas corpus petitions on statute of limitations grounds. Because the law has been clarified since the district court's decision to require consideration of the petitions pursuant to 28 U.S.C. § 2244(d)(1), rather than 28 U.S.C. § 2244(d)(2) as determined by the District Court, we are constrained to reverse and remand for a decision as to timeliness under § 2244(d)(1).

## I.

Penson was convicted in Ohio state court in 1984 for various crimes, and was sentenced to three consecutive terms of imprisonment on December 27, 1984. After a protracted state court appeals process, including an appeal to the United States Supreme Court, the Ohio Supreme Court dismissed Penson's direct appeal on August 15, 1990.

On September 11, 1996, Penson filed a motion for resentencing in an Ohio trial court. On January 6, 1997, he filed a petition for a writ of procedendo in the Ohio court of appeals, asking that court to order the trial court to rule on Penson's motion for resentencing. The trial court dismissed Penson's motion for resentencing on February 5, 1997, and the Ohio court of appeals denied Penson's petition for a writ of procedendo on March 11, 1997.

On July 22, 1997, Penson filed an application with the Ohio court of appeals for delayed reopening of his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. Under Rule 26(B), a defendant has ninety days from the date of final judgment in which to file an application for delayed reopening based upon allegations of ineffective assistance of appellate counsel; otherwise, the defendant must show good cause for failing to file within the ninety-day time limit.[1] In a

---

[*] The Honorable George Caram Steeh, United States District Court for the Eastern District of Michigan, sitting by designation.

1. Ohio R.App. P. 26(B)(1) states:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate

decision rendered December 22, 1997, the Ohio court of appeals denied Penson's application. The court noted that its judgment on direct appeal had become final on February 26, 1990, and that Penson's application for delayed reopening had not been filed until July 22, 1997, more than seven years later. The court rejected Penson's claim that his lack of legal training and experience established good cause for his failure to comply with Rule 26(B)'s time limit.

On July 21, 1998, Penson filed the instant actions for habeas corpus relief in the United States District Court for the Southern District of Ohio. In a decision issued August 3, 1999, the district court dismissed Penson's habeas petitions, finding that they were barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d). JA at 236–247. Specifically, the court found that Penson's state court petition for a writ of procedendo was not an "application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), and, as such, did not toll the one-year statute of limitations. JA at 239. The court further found that Penson's state-court application for delayed reopening was not "properly filed" within the meaning of § 2244(d)(2); thus, the court concluded that the pendency of that application did not toll AEDPA's statute of limitations. JA at 242. Finally, the court rejected as moot Penson's argument that he was entitled to equitable tolling of AEDPA's statute of limitations. JA at 242–43. Accordingly, the court dismissed Penson's petitions.

## II.

■ On August 17, 1999, Penson filed a motion to alter or amend the district court's judgment pursuant to FED. R. CIV. P. 59(e). JA at 248–267. In a decision filed November 2, 1999, the district court denied Penson's motion. JA at 359–64. The court, however, granted Penson's application for a certificate of appealability ("COA") on the narrow issue of "whether an application for delayed reopening under Ohio R.App. P. 26(B) is 'properly filed' within the meaning of 28 U.S.C. § 2244(d) when the Ohio Court of Appeals has decided that there is no good cause for the delay." JA at 364.

The COA misconstrues the relevant issue on appeal. The language "properly filed" appears only in 28 U.S.C. § 2244(d)(2), which provides that the time during which a properly filed application for collateral review is pending shall not be counted toward the period of limitations. However, in an opinion decided after the COA was issued, we determined that a Rule 26(B) motion to reopen direct appeal is part of the direct appeal, as opposed to being part of collateral review. *White v. Schotten*, 201 F.3d 743, 752 (6th Cir.), *cert. denied*, 531 U.S. 940, 121 S.Ct. 332, 148 L.Ed.2d 267 (2000).[2] The appropriate period of limitations in this circumstance is found in 28 U.S.C. § 2244(d)(1), which provides that a one year period of limitations applies to an application for a writ of habeas corpus. The limitation period runs

counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

**2.** At the time the parties submitted their briefs in this case, this Court's mandate in *White*

had been stayed pending resolution of the state's petition for a writ of certiorari from the Supreme Court. The Supreme Court denied certiorari in *White* on October 10, 2000, *see* 531 U.S. 940, 121 S.Ct. 332, 148 L.Ed.2d 267.

from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

This court recently held that the filing of a motion for a delayed appeal may toll the running of the one-year statute of limitations, however it does not cause the statute to begin running anew when the state court denies the motion. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.2001). Furthermore, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the state court. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir.2000). Pursuant to the holdings in *Searcy* and *Bronaugh*, it appears that petitioner's federal habeas petitions would be time barred in this case.

■ We, however, cannot address this issue because we lack jurisdiction to do so. When the AEDPA applies, "a court of appeals will address only the issues which are specified in the certificate of appealability." *See, e.g., Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1074 (6th Cir.1997), *overruled in part by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Therefore, we are constrained to REVERSE the decision of the district court and REMAND the case for a determination of timeliness under 28 U.S.C. § 2244(d)(1).