RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0289P (6th Cir.)
File Name: 02a0289p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

TED MARCUM,
     *Petitioner-Appellant,*

    *v.*

ALAN LAZAROFF, Warden,
     *Respondent-Appellee.*

No. 00-3549

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 99-00379—Sandra S. Beckwith, District Judge.

Argued: February 1, 2002

Decided and Filed: August 23, 2002

Before: SUHRHEINRICH, SILER, and BATCHELDER,
Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Kenneth R. Spiert, Columbus, Ohio, for
Appellant. Theodore E. Kiser, OFFICE OF THE
ATTORNEY GENERAL, Cincinnati, Ohio, for Appellee.
**ON BRIEF:** Kenneth R. Spiert, Columbus, Ohio, for
Appellant. Karen E. Carter, OFFICE OF THE ATTORNEY
GENERAL, CORRECTIONS LITIGATION SECTION,
Cincinnati, Ohio, for Appellee.

1

## OPINION

ALICE M. BATCHELDER, Circuit Judge. In 1991 the petitioner-appellant, Ted Marcum, pleaded guilty in common pleas court in Butler County, Ohio, to charges of attempted complicity to aggravated burglary. Marcum filed a federal habeas petition under 28 U.S.C. § 2254 on May 11, 1999, which the district court denied. The court issued a certificate of appealability only as to its holding that most of the claims in the petition were barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). In this appeal, Marcum claims that the district court erred in holding that direct review ended in 1992, when the time expired for his filing a direct appeal of his conviction to the Ohio Supreme Court, rather than when the Ohio Supreme Court, some six years thereafter, denied his motion—filed on April 20, 1998—for delayed appeal. Marcum further assigns as error the district court's rulings that the statute of limitations was not tolled by his prior habeas petition challenging a separate conviction that had relied on the 1991 conviction for purposes of sentence enhancement, and was not tolled during the 45 day period following the state appellate court's denial—on July 27, 1998—of his fourth post-conviction petition, during which period he could have sought review in the Ohio Supreme Court.

We have carefully reviewed the district court's opinion, the record, the parties' briefs and their oral arguments. We conclude that the district court's order contains no reversible error either in its findings of fact or its conclusions of law, and we therefore affirm, essentially for the reasons stated in that order. We think it is appropriate, however, to address specifically two issues.

The first is Marcum's argument on appeal that when the Ohio Supreme Court in November of 1992 granted *without prejudice* his motion to withdraw his timely appeal of the appellate court's dismissal of his motion to reinstate his direct

appeal, that court effectively continued the direct review process until Marcum got around to re-filing that appeal. Hence, Marcum contends, the statute of limitations contained in 28 U.S.C. § 2244(d), which gives a habeas petitioner one year from the completion of direct review to file his federal habeas petition, did not begin to run until June 3, 1998, when the Ohio Supreme Court denied his petition for leave to file a delayed appeal. Marcum does not appear to have made this argument to the district court, and he cites no authority whatsoever to support it now. We find the argument wholly without merit. We note that the district court's analysis of what constitutes direct appeal for purposes of calculating the statute of limitations under 28 U.S.C. § 2244(d) was undertaken before we issued our decision in *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). That decision entirely supports the district court's reasoning and conclusions.

The second issue is Marcum's claim that the district court erred by holding that the statute of limitations was not tolled during the 45 day period following the July 27, 1998, order of the state appellate court denying Marcum's fourth petition for post-conviction relief, that is, the period during which Marcum could have sought review of that order in the Ohio Supreme Court. It is not necessary for us to determine whether the district court correctly refused to find that the limitations period should have been tolled during that period because, as that court correctly determined, even if the statute were tolled for those 45 days, Marcum's petition would still have been time-barred.

For the foregoing reasons, we **AFFIRM** the judgment of the district court dismissing the habeas petition as time-barred.