**Thomas C. THOMPSON, Petitioner–Appellant,**

v.

**Larry CHANDLER, Warden, Respondent–Appellee.**

**No. 02–5787.**

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and ECONOMUS, District Judge.*

*ORDER*

Thomas C. Thompson appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the pan-

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio sitting by designation.

el .unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1994, Thompson pleaded guilty to manslaughter and assault under extreme emotional distress. *See* Ky.Rev.Stat. §§ 507.030 and 508.040(2)(A). He was sentenced to eighteen years of imprisonment, and he did not file a direct appeal. However, he did file a timely motion for state post-conviction relief on November 11, 1997. *See* Ky. R.Crim. P. 11.42. The denial of that motion was affirmed, and the state supreme court declined further review on September 15, 1999.

Thompson filed his § 2254 petition on November 18, 1999, primarily alleging that his attorney was ineffective, that his guilty plea was invalid, and that his sentence was improper. The district court adopted a magistrate judge's recommendation and dismissed the petition on April 26, 2002, as it had not been filed within the applicable limitations period. It is from this judgment that Thompson now appeals, moving for pauper status on appeal. The district court has issued a certificate of appealability on the question of whether the limitations period was extended by the three-year period that is allowed for filing a post-conviction action under Ky. R.Crim. P. 11.42.

A *de novo* review shows that Thompson's § 2254 petition was properly dismissed because it was barred by the one-year limitations period that applies under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Thompson was allowed a one-year grace period in which to file his petition because his sentence became final before the AEDPA took effect. *See Searcy v. Carter,* 246 F.3d 515, 517 (6th Cir.), *cert. denied,* 534 U.S. 905, 122

S.Ct. 237, 151 L.Ed.2d 171 (2001). However, that period ended on April 24, 1997, more than two years before his petition was filed. The limitations period may be tolled during a properly filed action for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). However, Thompson's § 2254 petition would be untimely even if the period were tolled by his state post-conviction action, as that action was filed more than six months after the grace period expired. *See Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir.2000).

Thompson now argues that the AEDPA's one-year limitations period is inconsistent with the three-year period within which Kentucky prisoners may file a post-conviction action under Rule 11.42. This argument is unavailing because the AEDPA's limitations period is tolled only while a properly filed state post-conviction action is actually pending. *Searcy,* 246 F.3d at 519; *Bronaugh v. Ohio,* 235 F.3d 280, 286 (6th Cir.2000). A post-conviction action is neither "actually pending" nor "properly filed" until it is actually filed. Thus, Thompson's § 2254 petition was untimely, as "any lapse of time before a state application is properly filed will be counted against the one-year limitations period." *Villegas v. Johnson,* 184 F.3d 467, 472–73 (5th Cir.1999).

Thompson also argues that he is entitled to equitable tolling because he was not aware until 1997 that his attorney had not filed a direct appeal from his 1994 conviction. We need not consider this argument, as it was not raised in Thompson's objections to the magistrate judge's report. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Nevertheless, we note that Thompson has not established adequate grounds for equitable tolling in this case. *See Dunlap v. United States,* 250 F.3d

1001, 1008–10 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.