**Timothy FORTSON, Petitioner–Appellant,**

**v.**

**Harold E. CARTER, Warden, Respondent–Appellee.**

**No. 02–4452.**

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before KEITH, MARTIN, and SUTTON, Circuit Judges.

*ORDER*

Timothy Fortson appeals a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254 as barred under the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Cuyahoga County, Ohio, Court of Common Pleas in 1996, Fortson was convicted of aggravated murder and aggravated robbery, both with specifications. Fortson was sentenced to life imprisonment without the possibility of parole on January 3, 1997. Fortson did not appeal his conviction within the thirty-day period provided under Ohio App. R. 4(A), but filed a motion for leave to file a delayed appeal on March 25, 1997. The Ohio Court of Appeals granted the motion, and subsequently affirmed Fortson's convictions, *State v. Fortson,* No. 72229, 1998 WL 895387 (Ohio Ct.App. Dec. 17, 1998). Again, Fortson did not file a timely appeal of the decision to the Ohio Supreme Court, but filed a motion for leave to file a delayed appeal on March 25, 1999. The Ohio Supreme Court granted the motion, but dismissed the delayed appeal on September 1, 1999, for lack of a substantial constitutional question. *State v. Fortson,* 86 Ohio

St.3d 1460, 715 N.E.2d 564 (1999) (table). On June 14, 2000, Fortson filed an application to reopen his appeal pursuant to Ohio App. R. 26(B), which the Ohio Court of Appeals denied on January 23, 2001.

Fortson filed his federal habeas petition in the district court on December 4, 2001. The state filed a return of writ in which it asserted, inter alia, that Fortson's petition was barred under the statute of limitations. The magistrate judge recommended that the petition be dismissed as barred under the statute of limitations, and Fortson filed objections. The district court adopted the magistrate judge's recommendation, dismissed the petition, and granted Fortson a certificate of appealability. This timely appeal followed.

On appeal, Fortson essentially reiterates his claims for habeas relief, and notes that he was only eighteen years old at the time of his offenses. The state responds that the district court correctly concluded that Fortson's petition is barred under the statute of limitations. Upon de novo review, *see Griffin v. Rogers,* 308 F.3d 647, 650–51 (6th Cir.2002); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000), we affirm the judgment because Fortson's petition is barred under the applicable statute of limitations.

The statute of limitations generally runs from the date on which the judgment of conviction becomes final on direct appeal or upon the expiration of the time for seeking direct review, *see* 28 U.S.C. § 2244(d)(1)(A), but the statute is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *See* 2244(d)(2); *Artuz v. Bennett,* 531 U.S. 4, 8–10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). In addition, this court has held that § 2244(d)(1)(A) excludes the time during which a motion to reopen a direct appeal under Ohio App. R. 26(B) is pending because that motion is part of the direct appeal. *Bronaugh v. Ohio,* 235 F.3d 280, 286 (6th Cir.2000); *White v. Schotten,* 201 F.3d 743, 752–53 (6th Cir.2000). Similarly, a motion for a delayed appeal may toll the limitations period while it is pending, but does not start the limitations period anew. *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.2001). Rather, the limitations period is tolled only while the motion to reopen is pending in the state courts. *Bronaugh,* 235 F.3d at 286.

Here, Fortson at least arguably has waived his right to challenge the only issue before this court on appeal because he has not addressed in his brief the district court's conclusion that his petition is barred. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Nonetheless, the state correctly notes that Fortson's petition is barred. Although the district court incorrectly concluded that the limitations period was not tolled by Fortson's Ohio App. R. 26(B) motion in this case, *see Bronaugh,* 235 F.3d at 286; *White,* 201 F.3d at 752–53, the court correctly concluded that the limitations period lapsed in this case even if the limitations period was tolled while that motion was pending in the Ohio courts.

The one-year limitations period began to run on February 7, 1997, the day after the thirty-day period expired during which Fortson could have sought a timely direct appeal in the Ohio Court of Appeals. *See Wheeler v. Jones,* 226 F.3d 656, 659–60 (6th Cir.2000). The limitations period ran for forty-six days until Fortson filed his motion for leave to file a delayed appeal on March 25, 1997. The limitations period then ran beginning February 13, 1999, the day after the forty-five-day period in which Fortson could have sought a timely appeal in the Ohio Supreme Court lapsed. The period ran another forty days until Fortson filed his motion for leave to file a delayed appeal on March 25, 1999. The limitations period ran beginning December 1, 1999, when the ninety-day period ex-

pired in which Fortson could have sought certiorari after the Ohio Supreme Court dismissed his delayed appeal. The limitations period ran another 196 days until Fortson filed his motion to reopen his appeal on June 14, 2000. The limitations period began to run after the motion was denied on January 23, 2001, and expired eighty-three days later on April 16, 2001. Fortson arguably had one additional day until April 17, 2001, in which to file his petition because 2000 was a leap year. However, Fortson's petition, which was notarized on October 11, 2001, was not filed until December 4, 2001, well after the limitations period expired. Under these circumstances, the district court properly dismissed Fortson's habeas petition as barred.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.