NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0680n.06
Filed: August 9, 2005

No. 03-4404

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

LOOMIS WILLIAMS,                                   )
                                                   )
    Petitioner-Appellant,                          )    On Appeal from the United
                                                   )    States District Court for the
v.                                                 )    Northern District of Ohio
                                                   )
JULIUS WILSON,                                     )
                                                   )
    Respondent-Appellee.                           )

**Before:**     **COLE, Circuit Judge; CLAY, Circuit Judge; and HOOD, District Judge.**[*]

     **HOOD, DENISE PAGE, District Judge.**  Petitioner Loomis Williams filed a habeas

petition under 28 U.S.C. § 2254. The district court adopted the magistrate judge's findings and

dismissed the case. For the reasons set forth below, we affirm the district court's decision.

## I.

     On March 10, 1999, Petitioner-Appellant Loomis Williams was convicted of aggravated

robbery and kidnaping by a jury in the Court of Common Pleas, County of Summit. (J.A. 71-74)

Williams was sentenced on March 12, 1999, to consecutive terms of three year mandatory sentence

for possession of a firearm, a definite term of five years for repeat violent offender specification, a

definite term of five years for repeat violent offender specification, a definite term of ten years for

_____

[*] The Honorable Denise Page Hood, United States District Judge for the Eastern District of
Michigan, sitting by designation.

aggravated robbery, five years for repeat violent offender, ten years for kidnaping, one-half years for receiving stolen property, and one year for having a weapon while under disability. (J.A. 81-84) The journal entry was approved on March 12, 1999. (J.A. 84)

Williams, through counsel, filed a Notice of Appeal with the Summit Clerk of Courts on April 8, 1999, and filed with the Ohio Court of Appeals on April 13, 1999. (J.A. 85) On February 14, 2000, Williams filed a *pro se* supplemental brief before the Ohio Court of Appeals. (J.A. 173) The prosecuting attorney filed a motion to strike the supplemental brief on February 15, 2000, which was opposed by Williams on February 23, 2000. (J.A. 219, 221) The Ohio Court of Appeals granted the motion to strike the supplemental brief on March 4, 2000. (J.A. 226) On December 27, 2000, the Ohio Court of Appeals affirmed Williams's conviction and sentence. (J.A. 237) No appeal was taken from this decision to the Ohio Supreme Court.

On October 4, 2001, Williams filed a motion for post-conviction relief with the Summit County Common Pleas, through counsel, which was denied on October 22, 2001. (J.A. 253, 267.) No appeal was taken from this decision.

Williams filed a *pro se* application on March 18, 2002, with the Ohio Court of Appeals to reopen his appeal pursuant to *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (Ohio 1992) and Ohio Rule of Appellate Procedure 26(B). (J.A. 268.) On May 22, 2002, the Ohio Court of Appeals denied the application to reopen, finding that the application was filed outside the ninety-day deadline. (J.A. 292-93.) Williams, proceeding *pro se* appealed this ruling to the Ohio Supreme Court on July 5, 2002, which was summarily denied on September 4, 2002. (J.A. 294, 338)

On September 26, 2002, Williams filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254 in federal court. (J.A. 1) The magistrate judge issued a Report and Recommendation

on March 11, 2003, recommending the dismissal of the case because the petition was time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). (J.A. 16-26) The district court adopted the recommendation and dismissed the case on September 29, 2003. (J.A. 10-15) Williams, proceeding *pro se,* filed a Notice of Appeal from the district court's dismissal order to this court on October 3, 2003. (J.A. 44) On March 16, 2004, this court issued a certificate of appealability on one issue: "Whether the one-year statute of limitations under 28 U.S.C. Section 2244 had expired before Williams filed his petition for habeas corpus." (6th Cir. Docket at 4.) Counsel was appointed for Williams on April 2, 2004.

## II.

### A.     Standard of Review

This court has jurisdiction over a final order of a district court in a habeas corpus proceeding pursuant to 28 U.S.C. § 2253. We review factual findings for clear error and legal conclusions *de novo. DeLisle v. Rivers*, 161 F.3d 370, 380 (6th Cir. 1998) (*en banc*). Whether a claim is barred by a statute of limitations is a question of law subject to *de novo* review. *Sierra Club v. Slater*, 120 F.3d 623, 630 (6th Cir. 1997) ("Whether the district court correctly concluded that the plaintiffs' claims were barred by the applicable statute of limitations is a question of law for plenary review by this court.").

### B.     One-Year Statute of Limitations

#### 1.     The Date the Statute of Limitations Begins to Run

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), sets forth a time limitation within which a person in custody pursuant to a judgment by a state to file a habeas petition:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of the State court. The limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
    . . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Williams filed his habeas petition on September 26, 2002. The AEDPA applies to Williams' petition since the petition was filed after the effective date of the AEDPA, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the one-year limitation requirement, Williams must either establish his direct review became final on or after September 25, 2001, or establish tolling, in order to prevent the jurisdictional bar by the AEDPA limitations period.

The issue before this court is when the limitations period began to run. There is no dispute that Williams did not seek review by the Ohio Supreme Court of the December 27, 2000 Ohio Court of Appeals' affirmance of his conviction and sentence. A defendant has a 45-day period to seek review before the Ohio Supreme Court. Forty-five days from December 27, 2000, is February 10, 2001. *See* 28 U.S.C. § 2244(d)(1)(A) (noting limitations period begins to run on expiration of time to seek direct review); Ohio S. Ct. Prac. R. II § 2(A)(1)(a) (noting that a notice of appeal to the Ohio Supreme Court is due within 45 days of the entry of judgment). The time limitation under § 2244 began to run on February 11, 2001, and the habeas petition was due one-year from that date, February 11, 2002.

Williams claims that his limitations period did not begin to run until March 28, 2001, which

4

is ninety days after the December 27, 2000 Ohio Court of Appeals' order affirming his conviction and sentence. Williams argues that the 90-day period to file an application to reopen his appeal under Ohio Rule of Appellate Procedure 26(B) should be taken into account instead of the 45-day period in which to file a notice of appeal to the Ohio Supreme Court. Williams basis his argument on this court's ruling in *White v. Schotten,* 201 F.3d 743 (6th Cir. 2000), where the panel held that based on Ohio case law, Ohio App. R. 26(B) was part of the direct appeal process. *White*, 201 F.3d at 752. Williams argues that because Rule 26(B) is part of the direct appeal process, the time period to file a Rule 26(B) motion should be taken into account in the one-year limitation requirement under § 2244. Williams therefore claims that his judgment will not have become "final" until his Rule 26(B) motion was disposed of by the Ohio Supreme Court.

Applying Williams' reasoning under *White*, since Williams filed a delayed application to reopen his appeal before the Ohio Court of Appeals pursuant to Rule 26(B) on March 18, 2002, and this application was not disposed of by the Ohio Supreme Court until September 4, 2002, the AEDPA limitations period would not begin to run until the expiration of the 90-day period in which to apply for certiorari in the Supreme Court, which would be December 3, 2002. Williams filed his habeas petition on September 26, 2002 which he claims is timely under his analysis under *White*.

The district court concluded that Williams' habeas claims were time-barred under *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001), because Williams failed to file an appeal to the Ohio Supreme Court within the 45-day appeal period. (J.A. 13) Williams argues that *White* is controlling in this case and not *Searcy* because the Sixth Circuit Rules prohibit one panel from overruling another panel decision citing Sixth Cir. R. 206 and *Lambert v. Warden, Ross Correctional Inst.,* Case No. 01-3422, 2003 WL 20071466, at *5 (6th Cir. Sept. 2, 2003)(unpublished).

5

Though the continuing validity of *White v. Schotten* has been questioned, *see Morgan v. Eads,* 104 Ohio St.3d 142, 818 N.E.2d 1157 (Ohio 2004), it remains binding precedent at this time.[1] Nonetheless, even under the rule of *White v. Schotten,* Williams is still not entitled to relief.

First, Williams is not entitled to tolling of the applicable statute of limitations under the AEDPA. Williams argues that the AEDPA clock was tolled because he filed a post-conviction motion on October 4, 2001, which was denied on October 22, 2001. Under 28 U.S.C. § 2244(d)(2), a post-conviction relief motion does not count towards the limitations period if the post-conviction relief was "properly filed." The Ohio Rev. Code § 2953.21(A)(2) provides that post-conviction remedy is due within 180 days of the filing of the trial transcript in the Ohio Court of Appeals on direct review, or within 180 days after the time to file a notice of appeal has ended. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000)(noting that late filing of post-conviction relief may render the time period inappropriate for tolling under § 2244(d)(2)); *Artuz v. Bennet*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed. 213 (2000) (stating that a state court post-conviction remedy is "properly filed" for the purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

The time to appeal to appeal the Ohio Court of Appeal's decision expired on February 10, 2001. Williams' post-conviction motion was filed on October 4, 2001, well outside the 180 days requirement under Ohio rules. Williams' post-conviction motion was not properly filed under Ohio rules.

Second, Williams is only entitled to tolling under *White v. Schotten* for the "time the

[1]An *en banc* hearing has been held on the Ohio Rule 26(B) issue and the *White* decision. See, *Lopez v. Wilson*, 366 F.3d 430 (6th Cir. 2004).

application is actually pending in the Ohio courts." *Bronaugh,* 235 F.3d at 286. The *Bronaugh* court calculated the amount of tolling beginning with the filing of a delayed application to reopen in the Ohio Court of Appeals, and the Ohio Supreme Court's dismissal of the appeal. The court did not include the 90-day window in which to file an application to reopen. *See Bronaugh*, 235 F.3d at 286. Williams' petition is untimely under *Bronaugh.* Williams' time began to run on February 10, 2001, the day the time to appeal to the Ohio Supreme Court expired and expired on February 10, 2002. Williams filed his Rule 26(B) motion on March 18, 2002, beyond the one-year limitation. Because the Rule 26(B) motion was filed after the date the one-year limitation had expired, the filing of the March 18, 2002 Rule 26(B) motion and the pendency of that motion cannot be counted under the tolling provisions since the period began after the expiration of the one-year limitation.

### 2. Equitable Tolling

This issue of equitable tolling is not clearly before this court. The certificate of appealability states that the issue before this court is "Whether the one-year statute of limitations under 28 U.S.C. Section 2244 had expired before Williams filed his petition for habeas corpus." However, the issue of equitable tolling is a matter under consideration in the calculation of the one-year limitations period.

The section 2244(d) statute of limitations is not a jurisdictional bar but is subject to equitable tolling. *See Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner must show that he was prevented from filing his petition on time based on the factors set forth in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988):

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement;

7

> (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1009.

The district court adopted the magistrate judge's findings on this issue. This court agrees that Williams has not met his burden of proof in establishing that he lacked actual or constructive knowledge of the filing requirements in state court or in federal court. Williams also failed to show that he acted diligently in pursuing his Rule 26(B) application and his federal habeas corpus petition. Petitioner raised other arguments regarding equitable tolling such as fraud which were not presented before the district court. This court need not address arguments not presented to the district court. Fed. R. App. 10(a); *United States v. Bonds,* 12 F.3d 540, 552 (6th Cir. 1993).

## III.

For the reasons set forth above, we affirm the district court's order dismissing the habeas petition as time-barred under 28 U.S.C. § 2244(d).