NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0041n.06

**08-1800**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>**Jan 18, 2011**<br>LEONARD GREEN, Clerk |

| | | |
|---|---|---|
| LEE RONALD STEVENSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| CAROL R. HOWES, Warden, | ) | |
| | | |
| Respondent-Appellee. | | |

Before: DAUGHTREY, GILMAN, and McKEAGUE, Circuit Judges.

**PER CURIAM.** Petitioner Lee Ronald Stevenson is a Michigan state prisoner who

was convicted and sentenced after pleading *nolo contendere* to a charge of second-degree

criminal sexual assault and guilty to a charge of "absconding on bond." When his motion

for appointment of counsel on appeal was denied, he did not file a timely application for

leave to appeal to the Michigan Court of Appeals. He later submitted a delayed application

for leave to appeal, but it was also unsuccessful. Stevenson then filed a *pro se* petition for

a writ of habeas corpus in federal court, pursuant to 28 U.S.C. § 2254, in which he sought

to challenge the validity of his convictions and the resulting sentences on various grounds.

That petition was initially dismissed *sua sponte* by the district court as untimely. In an

interim, unpublished order, we questioned the correctness of the district court's ruling and

remanded the case for further proceedings. We now conclude that Stevenson's habeas petition was, in fact, untimely and must be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

As the introduction above suggests, this case has a lengthy and somewhat convoluted procedural history. After pleading *nolo contendere* to second-degree criminal sexual assault, Stevenson was released on bail in March 2002, but he failed to appear two weeks later for sentencing. He was eventually apprehended and pleaded guilty to "absconding on bond" in April 2003. Prior to sentencing on both convictions, he filed a motion to withdraw his pleas, which the state trial judge denied on July 3, 2003. On that same date, Stevenson was sentenced to 8-15 years on the sexual-assault charge and 2-4 years on the charge of absconding, to be served concurrently.

At the time Stevenson was sentenced, the Michigan constitution permitted appeal from criminal convictions based on a guilty plea or plea of *nolo contendere* only by leave of the appellate court. *See* Mich. Const. art. 1, § 20 ("[A]n appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court."). Stevenson's timely request for appointment of counsel to assist in securing a direct appeal was denied on July 16, 2003. The 21-day period in which to file his request for leave to appeal ended on July 24, 2003, without Stevenson having filed an application. Almost a year later, however, on July 12, 2004, Stevenson filed a delayed application for leave to appeal. It was denied by the Michigan Court of Appeals on September 10, 2004, and by the Michigan Supreme

Court on July 26, 2005. The 90-day period in which to file a *certiorari* petition in the United States Supreme Court ended on October 24, 2005.

In the meantime, the Supreme Court released its opinion in *Halbert v. Michigan* on June 23, 2005, holding that equal protection and due process principles require the appointment of counsel for indigent defendants seeking first-tier review in the Michigan Court of Appeals of convictions based on guilty pleas. *Halbert v. Michigan*, 545 U.S. 605 (2005). As a result, on January 24, 2006, Stevenson again filed a request for appointment of appellate counsel, this time invoking *Halbert*. On November 30, 2006, the sentencing judge granted Stevenson's motion for appointment of counsel to assist in seeking an appeal from his conviction for criminal sexual conduct. However, the judge denied the request as to the conviction for absconding, citing Stevenson's initial failure to make such a request after sentencing on the latter conviction. The Michigan Court of Appeals denied appointed counsel's request for leave to appeal in February 2006, and the Michigan Supreme Court followed suit on November 30, 2006.

Just shy of one year later, on November 28, 2007, Stevenson filed his *pro se* habeas petition in federal court. Adopting the report and recommendation of the magistrate judge, the district court dismissed Stevenson's petition as untimely and denied both his motion to reconsider and his petition for a certificate of appealability. On appeal from the district court's order of dismissal, we vacated the order, noting that the magistrate's report "addressed the impact of the *Halbert* proceedings . . . but construed

those proceedings as an application for state post-conviction relief under 28 U.S.C. § 2244(d)(2)." We, on the other hand, emphasized the language in the Supreme Court's opinion referring to the "direct review [of] the defendant's conviction and sentence," *Halbert*, 545 U.S. at 619, and suggested that "the *Halbert* proceedings effectively reopened Stevenson's criminal case and constituted a direct review of the state trial court's judgment." As a result, we remanded the case to the district court for a redetermination, on the merits, of the petitioner's request for a certificate of appealability.

On remand, the district court determined that two of Stevenson's five grounds for habeas relief were unexhausted and denied a certificate of appeal on the remaining three grounds, finding that Stevenson had not demonstrated "a substantial showing of the denial of a constitutional right" with regard to those claims. 28 U.S.C. § 2253(c)(2). We then entered an order certifying two additional grounds for review and directing the parties to brief whether Stevenson's petition was timely filed. Stevenson has filed a *pro se* brief addressing the merits of his claims but not the question of timeliness. The state has not submitted a brief on its own behalf.

## DISCUSSION

Because Stevenson's habeas petition was filed after the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), became effective, the provisions of that Act apply to his case. *See Seymour v. Walker*, 224 F.3d 542, 549 (6th Cir. 2000). Under AEDPA, "[a] one-year period of limitation shall apply to an

application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Although AEDPA has a one-year time limit for filing a timely habeas petition, there are four subsections of § 2244(d)(1), each containing an alternate measure for determining the date on which the one-year time limit begins to run. *See* 28 U.S.C. §§ 2244(d)(1)(a)-(d). The provision specifies that the limitation period begins to run *from the latest* of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The relevant date in this case must be calculated under subsection (A), because – as noted below – none of the other three subsections is relevant. Stevenson's judgment of conviction became final at "the expiration of the time for seeking [direct] review," because no application for leave to appeal was filed within the 21-day period following entry of judgment on July 3, 2003. Thus, the one-year "clock" began to run on July 24, 2003, and continued to run at least until the petitioner filed his delayed application for leave to appeal on July 12, 2004, a period of 353 days. The limitations period was tolled while

the application was pending. *See Searcy v Carter*, 246 F.3d 515, 519 (6th Cir. 2001). But, when denial of the delayed application was final on July 26, 2005, and the 90-day period to seek review in the Supreme Court ended on October 24, 2005, the clock began to run again, with only 12 days remaining in the one-year limitation period. Thus, November 5, 2005, was the last day for filing a timely habeas petition under 28 U.S.C. § 2254. However, Stevenson did not file his petition for another two years, on November 28, 2007.

Subsection (B) is of no help to Stevenson, because there was no "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." The denial of appointment of counsel does not qualify as an impediment under subsection (B), because Stevenson could have timely filed the same *pro se* application for leave to appeal prior to July 24, 2003, that he eventually filed as a delayed application almost a year later. When and if review had then been denied, he would have had a full year in which to file his federal habeas petition, not the 12 days that remained due to the initial delay in filing.

Subsection (C) is likewise inapplicable because "the constitutional right[s] asserted" in Stevenson's habeas petition did not include a claim based on *Halbert*. 28 U.S.C. § 2244(d)(1)(C). Finally, subsection (D) is simply irrelevant, given the factual circumstance of this case.

**CONCLUSION**

For the reasons set out above, we conclude that Stevenson's habeas petition was not timely filed and is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). We therefore VACATE the judgment of the district court and DISMISS the petition for a writ of habeas corpus with prejudice.