NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0266n.06

No. 13-1365

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 09, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| THOMAS MACLEAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| KENNETH McKEE, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:  BOGGS, SILER, and GIBBONS, Circuit Judges.

PER CURIAM.  On February 27, 1998, shortly before 7:13 p.m., Thomas B. Maclean, driving his car with a blood-alcohol level well over the legal limit, was involved in an auto accident that killed William Shand.  Over an hour after the accident, Maclean's blood-alcohol level was .28.  In 2006, a jury convicted Maclean of second-degree murder and of operating a vehicle while intoxicated causing death.

The trial court denied Maclean's motion to dismiss the charges on speedy-trial grounds. The Michigan Court of Appeals affirmed Maclean's conviction, *People v. Maclean*, No. 270525, 2007 WL 2713431, at \*7 (Mich. Ct. App. Sept. 18, 2007), and the Michigan Supreme Court denied leave to appeal, *People v. Maclean*, 746 N.W.2d 101 (Mich. 2008).  A federal district court denied Maclean's petition for a writ of habeas corpus, determining that the Sixth Amendment speedy-trial right only attaches at arrest and that the time between Maclean's August 2005 arrest and the start of his trial did not constitute a speedy-trial violation.  *MacLean*

1

*v. McKee*, No. 2:09-CV-12992, 2012 WL 2803756, at *6, *10 (E.D. Mich. July 10, 2012).[1] The district court also found that the state court's decision that the prosecution did not cause the pre-arrest delay to gain a tactical advantage was reasonable. *Id.* at *8. The district court, however, granted Maclean a certificate of appealability (COA) as to the claim that the pre-arrest delay constituted a violation of Maclean's Fifth Amendment due-process rights. *Id.* at *10.

On appeal, Maclean's only argument is that the delay between the accident and the start of the trial violated his right under the Speedy Trial Clause of the Sixth Amendment. *See* U.S. Const. amend. VI; Appellant Br. 24–36. The district court did not grant Maclean a COA as to a speedy-trial claim. The district court only granted Maclean a COA as to his "claim that his right to due process was violated by the pre-arrest delay." *Maclean*, 2012 WL 2803756, at *10. Maclean did not seek an expansion of the COA. "[A] court of appeals will address only the issues which are specified in the certificate of appealability." *Searcy v. Carter*, 246 F.3d 515, 518 (6th Cir. 2001). Because Maclean's speedy-trial claim was not certified for appeal, it is not properly before this court.[2] The district court issued a thorough, well-reasoned opinion. We have held oral argument and conducted a de novo review of the district court's factual statements and legal conclusions. We adopt its reasoning and AFFIRM the judgment.[3]

---

[1] The proper capitalization of Maclean's last name is unclear. We employ the capitalization used in Maclean's brief, which is also consistent with the caption in this case.

[2] The claim is also meritless.

[3] Because the COA requirement is not jurisdictional, we affirm rather than dismiss the appeal for lack of jurisdiction. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 650 (2012).