61 F.3d 903
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin BLACK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5041.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges; and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Calvin Black, a pro se federal prisoner, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, a jury convicted Black and a codefendant of possessing cocaine base (crack) with the intent to distribute. The district court sentenced Black to 120 months in prison. Black's sentence was calculated on the basis of 17.9 grams of crack, which was the total amount recovered at the time of the arrests. A panel of this court affirmed Black's conviction on direct appeal. United States v. Levy, 904 F.2d 1026 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991). Two prior Sec. 2255 motions brought by Black were denied.
 
 
 4
 In his third and present motion to vacate, Black argues that he was erroneously sentenced based upon the total amount of crack recovered instead of the 2.5 grams found on the floor of the driver's seat of the car where Black was seated. The district court summarily denied Black's motion in an order filed on November 23, 1994, after construing his issue as attacking the sufficiency of the evidence and concluding that this issue was not cognizable in a Sec. 2255 motion. A separate judgment was entered on December 2, 1994.
 
 
 5
 On appeal, Black continues to argue the merits of his ground for relief.
 
 
 6
 Upon review, we affirm the district court's judgment for a reason other than that stated by the district court. In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 This court may affirm the district court's decision if that decision is correct for any reason, including a reason not considered by the district court. City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994); Allen v. Diebold, Inc., 33 F.3d 674, 676 (6th Cir.1994). The district court construed Black's ground for relief as alleging insufficient evidence to convict and based its decision on that construction. However, Black does not challenge his conviction in this motion to vacate, merely the computation of his sentence.
 
 
 8
 Nevertheless, Black is not entitled to relief because he has not established cause and prejudice for his failure to raise his sentencing issue on direct appeal. A nonconstitutional issue which could have been asserted on direct appeal, but was not, may not be raised in a collateral proceeding, Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976), unless the movant shows cause excusing his failure to raise it previously and actual prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Black does not even attempt to show cause for his failure to assert his sentencing issue on direct appeal.
 
 
 9
 If a movant cannot demonstrate cause and prejudice for his default, his claim may still be considered on the merits if failure to consider the claims results in a fundamental miscarriage of justice which, in this context, means only that the movant is actually innocent of the offense. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Black does not claim that he is actually innocent of the offense of which he was convicted. He claims only that he should have received a lesser sentence. The actual innocence exception is not available in a challenge to a noncapital sentence. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir.1993). See also United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993) ("Such a miscarriage of justice would be indicated if a constitutional violation probably caused Flores to be convicted of a crime of which he is innocent. [citations omitted] Flores has not alleged that he is innocent, only that his sentence was improperly computed.")
 
 
 10
 Accordingly, the district court's judgment, entered on December 2, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation