67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George H. FLAHARDY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5281.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 1
 Before: JONES and DAUGHTREY, Circuit Judges; and GIBSON, District Judge.*
 
 ORDER
 
 2
 George H. Flahardy, a pro se federal prisoner, appeals a district court order dismissing his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Flahardy pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine. He was sentenced in February 1991 to 135 months in prison, five years of supervised release, and a $17,500 fine. Flahardy's direct appeal was dismissed for want of prosecution. His first motion to vacate, filed in May 1992, raised three grounds for relief. The district court denied the motion in an order filed on July 28, 1992, and a panel of this court affirmed in an unpublished order issued under Rule 9(a). Flahardy v. United States, No. 92-6307 (6th Cir. May 11, 1993).
 
 
 4
 In his present motion to vacate, Flahardy argued that the district court erred by: (1) including two convictions for driving under the influence in his criminal history category in light of a clarifying amendment to USSG Sec. 1B1.3, (2) sentencing him for the entire five kilograms of cocaine involved in the conspiracy instead of the amount reasonably foreseeable to him, and (3) not making a finding regarding his objections to the presentence investigation report. The district court summarily dismissed the motion pursuant to Rule 9(b), Rules Governing Section 2255 Proceedings, in an opinion and order entered on January 27, 1995.
 
 
 5
 On appeal, Flahardy contends that the district court erred in dismissing his motion as successive because he raised "new and different" grounds. He also argues the merits of his substantive issues.
 
 
 6
 Upon review, we affirm the district court's order because Flahardy's motion constitutes an abuse of the writ. Additionally, he has failed to show cause and prejudice for his failure to present his current grounds for relief at an earlier opportunity. In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, the movant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 A petition may be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. See Rule 9(b), Rules Governing Section 2255 Cases; McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993)
 
 
 8
 Flahardy first urges on appeal that the merits of his second motion to vacate should be considered because the motion was not submitted to "vex, harass or delay." This is wholly insufficient by itself to justify a second Sec. 2255 motion. He next claims that he could not have known that the facts supported a legal ground for relief because the clarification to Sec. 1B1.3 of the Sentencing Guidelines was not adopted until after his previous motion had been filed. This argument, even if true, simply would not warrant relief under Sec. 2255. Only extraordinary circumstances warrant collateral review of Sentencing Guidelines violations. Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993). Such circumstances are not present in this case. Furthermore, the Supreme Court has held that the omission of a claim from a previous motion is not excused "merely because evidence discovered later might also have supported or strengthened the claim." McCleskey, 499 U.S. at 498. Finally, Flahardy cites the complexities of the Sentencing Guidelines and the fact that his grounds are new and different to those raised in his first motion to vacate. Again, neither of these reasons will preclude a finding of abuse of the writ. We have discovered no case law that excuses multiple collateral attacks on a judgment based upon the well-known complexities of the Sentencing Guidelines. The fact that the grounds raised are different from those raised in his first motion merely means that the motion is abusive rather than strictly successive.
 
 
 9
 Flahardy's grounds for relief, all of which relate to his sentencing, could have been raised on direct appeal or, at the latest, in his first motion to vacate. Therefore, the claims are reviewable only if Flahardy can establish cause to excuse his failure to assert them on direct appeal and actual prejudice resulting therefrom. Reed, 114 S.Ct. at 2300; United States v. Frady, 456 U.S. 152, 165 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Even if it is assumed that counsel's failure to file a brief on direct appeal constituted ineffective assistance of counsel sufficient to establish cause, Flahardy suffered no prejudice because his grounds for relief are meritless.
 
 
 10
 If a movant cannot demonstrate cause and prejudice for his default, his claims may still be considered on the merits if failure to consider the claims results in a fundamental miscarriage of justice which, in this context, means only that the movant is actually innocent of the offense. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Flahardy does not claim that he is actually innocent of the offense to which he pleaded guilty. He claims only that he should have received a lesser sentence. The actual innocence exception is not available, however, in the case of a challenge to a noncapital sentence. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir.1993); United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993).
 
 
 11
 Accordingly, the district court's order, entered on January 27, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation