**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0001n.06
Filed: December 28, 2007

**Nos. 05-6022, 05-6024**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOEL MATTHEW HICKS, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

_____

BEFORE: SILER, COOK, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

These consolidated appeals stem from petitioner Joel Matthew Hicks' convictions by guilty plea to six counts of bank robbery, in violation of 18 U.S.C. § 2113(a). No direct appeal was ever filed in this court. Petitioner now appeals the district court's orders dismissing his motions to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255, and denying his motions to alter or amend judgment. For the reasons stated below, we affirm the decision of the district court.

I.

On September 11, 2002, petitioner was charged by indictment with the commission of five bank robberies in Tennessee, in violation of 18 U.S.C. § 2113(a). On May 1, 2003, petitioner was charged separately in Arizona with one count of bank robbery, also in violation of § 2113(a). The

indictment and information alleged multiple robberies of financial institutions by use of force, violence, or intimidation. On May 8, 2003, Hicks, represented by an assistant federal public defender, entered a plea of guilty to the five bank robbery counts stemming from the Tennessee robberies and simultaneously pleaded guilty to one count of bank robbery in the Arizona case, which had been transferred to the United States District Court, Middle District of Tennessee. Hicks did not enter into any plea agreement with the government and was not otherwise precluded from pursuing a direct appeal by the terms of his guilty plea.

The presentence investigation report ("PSR") recommended a Guideline sentencing range of 63-78 months of imprisonment, based on a total offense level of 26 and a criminal history category of I. Several upward adjustments were applied to increase the base offense level of 17 to 26, including: a two-level enhancement under U.S.S.G. § 2B3.1(b)(1) for taking the property of a financial institution; a two-level enhancement under U.S.S.G. § 2B3.1(b)(2) for an alleged threat; and a five-level increase pursuant to the "grouping rules" of U.S.S.G. § 3D1.4. Neither petitioner nor the government filed any objections to the PSR.

On October 27, 2003, the district court imposed concurrent sentences of 70 months of imprisonment, below the statutory maximum penalty of twenty years provided in 18 U.S.C. § 2113(a), to be followed by three years of supervised release. The district court also ordered petitioner to pay $20,975 in restitution. A judgment of conviction was entered on November 14, 2003. Petitioner never pursued a direct appeal of his convictions.

On November 12, 2004, petitioner filed motions in each case in the district court, in which he moved to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255.[1] Petitioner alleged that his sentences were imposed in violation of his Sixth Amendment right to trial by jury because the facts upon which the enhancements were based were not included in the indictment or information, not proven to a jury beyond a reasonable doubt, and were not admitted to by petitioner. Petitioner argued that his enhanced sentences thus contravened the United States Supreme Court's decisions in *United States v. Booker,* 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Ring v. Arizona*, 536 U.S. 584 (2002); and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He further claimed that he received ineffective assistance of counsel due to counsel's failure to object to these enhancements and to raise these issues on appeal.

In May 2005, the district court issued an opinion and order in each case dismissing petitioner's § 2255 claims for lack of merit. The district court also declared preemptively that no certificate of appealability would be issued because petitioner failed to make a substantial showing of the denial of a constitutional right. Petitioner thereafter filed motions to alter or amend judgment and/or for certification of appealability.

The district court denied the motions, but vacated that portion of its previous orders denying the certificate of appealability, based upon the court's perception "that a certain degree of tension

---

[1]Under 28 U.S.C. § 2255, a prisoner in custody under a federal sentence "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

has been created by the opinions rendered in *United States v. Tarwater*, 308 F.3d 494, 517 (6th Cir.

2002) and *Ballard v. United States*, 400 F.3d 404 (6th Cir. 2005) which could lead reasonable minds

to disagree as to whether counsel was ineffective for failing to raise *Apprendi*, *Blakely* and *Ring*

issues on appeal." Consequently, contingent upon petitioner's filing of a timely appeal, the district

court ordered that a certificate of appealability would be granted to the extent that it relied upon the

effectiveness of counsel for failing to raise these issues on appeal. On June 24, 2005, petitioner

timely filed a notice of appeal in this court.

II.

Petitioner contends that he is entitled to § 2255 relief because he was denied effective

assistance of counsel based on counsel's failure to raise *Apprendi*, *Ring*, *Blakely*, and *Booker* issues

at sentencing and in a direct appeal. Petitioner's conviction became final in November 2003, after

*Apprendi* and *Ring* were decided, but before *Blakely* and *Booker* were issued. Petitioner argues that

he is entitled not only to the application of *Apprendi* and *Ring*, but also the *Blakely* and *Booker*

decisions, because these latter cases are merely applications of the former and do not announce a

"new rule" of criminal procedure for purposes of collateral review. *See Teague v. Lane*, 489 U.S.

288, 301 (1989). In support of his argument, petitioner points to an affidavit submitted in May 2005

by his attorney, in which counsel avers that "I failed to consider the possibility that the principles set

forth in *Apprendi* and *Ring* applied to the enhancements used to increase Mr. Hicks' sentencing

exposure under the federal sentencing guidelines. My failure to object on these grounds was not at

all strategic, but simply a legitimate issue that I overlooked." We nonetheless conclude, under the circumstances, that petitioner is not entitled to § 2255 relief.

In reviewing the district court's denial of a motion to vacate, alter, or amend a sentence pursuant to § 2255, we review the district court's factual findings for clear error and its legal conclusions de novo. *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Relief is appropriate under § 2255 only if a petitioner demonstrates "'the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Id.* (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). "'The [*United States v.*] *Frady* [456 U.S. 152 (1982)] cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding.'" *Id.* (quoting *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993)). *See also Peveler v. United States*, 269 F.3d 693, 699-700 (6th Cir. 2001) (discussing cause and prejudice standard).

Petitioner's ineffective assistance of counsel claim is governed by the well-established *Strickland* standard, which requires a showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Strickland v.*

*Washington*, 466 U.S. 668, 688, 694 (1984).

We conclude that the district court, evaluating petitioner's claims under this standard,

properly denied his § 2255 motions when it held that:

> At the time of petitioner's conviction, it was the law in this Circuit that judicial factfinding within the framework of the United States Sentencing Guidelines was permissible, so long as the defendant's sentence was not enhanced beyond the statutory maximum. *United States v. Tarwater*, 308 F.3d 494, 517 (6th Cir. 2002). Indeed, in a case decided the same day as *Ring*, the Supreme Court held that judicial factfinding that increased the mandatory minimum sentence for a crime but did not extend it beyond the statutory maximum was constitutionally permissible. *See Harris v. United States*, 536 U.S. 545 (2002). The petitioner has not suggested that the sentence he received was enhanced beyond the statutory maximum sentence allowed by law. Therefore, even though issues arising under *Apprendi* and *Ring* were available for appellate review at the time of petitioner's conviction, an attorney could reasonably conclude that they would not have been successful based upon prevailing authority.
>
> It appears that counsel acted reasonably when she failed to file a direct appeal of petitioner's conviction raising *Apprendi*, *Blakely* or *Ring* issues. Consequently, she was not ineffective in this respect. Because counsel did not provide the petitioner with ineffective assistance, he can not establish cause for his procedural default of these claims. Moreover, given petitioner's guilty plea, there is nothing in the record to suggest that he was actually innocent of bank robbery. Accordingly, the petitioner has waived his right to raise the instant claims in this action.

This court has reaffirmed the principle that "so long as a sentence does not exceed [the]

maximum penalty authorized by *statute*, there is no *Apprendi* violation." *United States v. Franco,*

484 F.3d 347, 356 (6th Cir. 2007). *See also United States v. Leachman*, 309 F.3d 377, 381-83 (6th

Cir. 2002); *United States v. Burns*, 298 F.3d 523, 544 (6th Cir. 2002). Thus, in the present case,

where petitioner's 70-month concurrent sentences fall well below the twenty-year maximum

sentence authorized for each bank robbery count by 18 U.S.C. § 2113(a), and, in pleading guilty,

petitioner admitted to the factual allegations used to calculate his sentence,[2] his claim of ineffective

assistance of counsel falls short under the first prong of the *Strickland* standard.

Moreover, as the government notes, petitioner does not otherwise claim that in pleading

guilty, he did not understand his appeal rights, and nowhere in his petition does he argue or

demonstrate that he directed counsel to pursue an appeal.[3] *See Regalado*, 334 F.3d at 525 (holding

that counsel's failure to file appeal was not deficient performance under *Strickland* where the

petitioner in § 2255 action did not direct counsel to file an appeal and acquiesced in counsel's

decision to pursue, as an alternative, a reduction in sentence). The self-serving affidavit filed by

Hicks' former attorney does not suffice to satisfy either component of the *Strickland* standard.

Although the district court granted a certificate of appealability based on a perceived tension

between this court's *Tarwater* and *Ballard* decisions, "which could lead reasonable minds to

disagree as to whether counsel was ineffective for failing to raise *Apprendi*, *Blakely* and *Ring* issues

on appeal," the *Ballard* decision is readily distinguishable from the instant case.

In *Ballard*, we concluded, in the context of the defendant's § 2255 motion to vacate, set

aside, or amend sentence, that counsel rendered ineffective assistance on direct appeal in failing to

---

[2]*See United States v. Stafford*, 258 F.3d. 465, 476 (6th Cir. 2001) (defendant's statement of no objections to the presentence report constitutes express admission to the facts contained therein).

[3]The plea agreement signed by petitioner states in pertinent part, "My lawyer has done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me. My lawyer has done all the investigation and research in this case that I have asked her to do, and I am satisfied with her representation at this point."

raise, *inter alia, Apprendi* issues. *Apprendi* was decided while the defendant's appeal was pending, and one of Ballard's codefendants had successfully raised an *Apprendi* challenge in his appeal. Ballard's counsel had even reviewed the appellate brief submitted by the codefendant's counsel, yet chose not to raise the issue on Ballard's behalf. *Ballard*, 400 F.3d at 408. The central issue in *Ballard* was why Ballard's trial counsel had not requested a special verdict, as had the codefendants, to determine whether Ballard was responsible for transporting cocaine or marijuana. Because it was not clear from the trial transcript which illegal substance constituted the basis for the jury's verdict against Ballard, we held that appellate counsel should have raised this issue, viable in light of *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), on appeal. Thus, "[t]aking both of these issues into consideration, we believe[d] it fully reasonable to expect Ballard's attorney to raise a legal argument supported by the *Dale* or *Apprendi* cases." *Ballard*, 400 F.3d at 408.

Here, because of petitioner's procedural default and the fact that his sentence was not violative of *Apprendi*, he has failed to satisfy the demanding "cause and prejudice" standard that applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding. *Regalado*, 334 F.3d at 528.

Petitioner's additional argument that *Blakely* and *Booker* apply to his § 2255 action is without merit. It is soundly established that *Blakely* and *Booker* do not apply retroactively to cases on collateral review. *See Valentine v. United States*, 488 F.3d 325, 331 (6th Cir. 2007); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005); and *Humphress,* 398 F.3d at 860-63.

III.

For the foregoing reasons, we affirm the decision of the district court denying Hicks' motions

for relief under 28 U.S.C. § 2255.