**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0093n.06
Filed: February 4, 2008

**No. 05-3144**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAY KEVIN TANIGUCHI, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |

Before: SUHRHEINRICH, SUTTON, and GRIFFIN, Circuit Judges.

PER CURIAM. Jay Kevin Taniguchi challenges the district court's denial of his § 2255 motion to vacate his sentence. Because Taniguchi's challenge is foreclosed by precedent, we affirm.

In July 2000, Taniguchi stood trial in federal court on charges stemming from a conspiracy to rob armored cars and local businesses in the Columbus, Ohio metropolitan area. On July 24, after a two-week trial, a jury found Taniguchi guilty of three Hobbs Act violations, *see* 18 U.S.C. § 1951, two use-of-firearm-during-commission-of-a-felony violations, *see id*. § 924(c), and bank larceny, *see id*. § 2113(b). The district court sentenced Taniguchi to four concurrent 120-month prison terms for the Hobbs Act and bank larceny convictions and two consecutive terms of 84 and 300 months for the firearm violations, leaving Taniguchi with a total of 504 months' imprisonment. JA 80. On

direct appeal, a panel of this court affirmed Taniguchi's conviction and sentence. *See United States v. Taniguchi*, 49 F. App'x 506, 521 (6th Cir. Oct. 11, 2002).

On September 2, 2003, Taniguchi filed a § 2255 motion, alleging seven constitutional violations that occurred during his trial and direct appeal. The district court denied Taniguchi's motion, declined to issue a certificate of appealability (COA) on six of the claims, and granted a COA on one claim: Is *Blakely v. Washington*, 542 U.S. 296 (2004), retroactively applicable, and, if so, does Taniguchi's sentence violate *Blakely*?

"Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (footnote omitted). In *Humphress*, we held that *Blakely* and *Booker* do not apply retroactively to cases pending on collateral review. *Id.* at 863. In doing so, we reasoned that Humphress' conviction became final before *Blakely* and *Booker*, *id.* at 860, that "[t]he *Booker* rule is clearly new," *id.* at 861, and that Humphress' case did not fall within an exception to the general rule of non-retroactivity, *id.* at 862–63.

*Humphress* governs Taniguchi's appeal. As for the first prong of the retroactivity analysis—whether the conviction became final before *Blakely* and *Booker*—Taniguchi's conviction unquestionably did. A defendant's conviction becomes final upon the expiration of the 90-day period in which he could have petitioned for certiorari to the Supreme Court. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Taniguchi did not file a petition for

certiorari, so his conviction became final in January of 2003, 90 days after we denied his direct appeal. *Blakely*, decided in 2004, and *Booker*, decided in 2005, postdate Taniguchi's conviction. As for the remaining two prongs—whether the decision in question constitutes a "new rule" and if so, whether it fits into one of two exceptions, either as a rule that forbids punishment of primary conduct or that establishes a watershed rule of criminal procedure—we are bound by *Humphress*. As a panel, we of course lack authority to reconsider *Humphress*, *see Brown v. Cassens Transp. Co.*, 492 F.3d 640, 646 (6th Cir. 2007), which we have consistently applied, *see, e.g.*, *United States v. Carter*, 500 F.3d 486, 491 (6th Cir. 2007); *Valentine v. United States*, 488 F.3d 325, 331 (6th Cir. 2007); *Lang v. United States*, 474 F.3d 348, 353 (6th Cir. 2007); *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005). As Taniguchi did not obtain a COA on any other argument, his appeal necessarily fails.

For these reasons, we affirm.