NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0288n.06

No. 08-4375

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 12, 2010
LEONARD GREEN, Clerk

MARK A. APPLEGARTH,

    Petitioner-Appellant,

v.

WARDEN NORTH CENTRAL
CORRECTIONAL INSTITUTION,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF
OHIO

Before: GIBBONS, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Mark A. Applegarth appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Applegarth challenges the district court's conclusion that the petition was untimely. We reject his arguments, and affirm.

I.

On September 23, 2005, an Ohio trial court sentenced Applegarth to four years' imprisonment after he pled guilty to one count of gross sexual imposition. Applegarth did not timely appeal his sentence. On December 7, 2005, however, he filed a pro se motion seeking leave to file a delayed appeal. The Ohio Court of Appeals denied that motion, concluding that he had failed to establish good cause for his delay. *Ohio v. Applegarth*, No. 05-CA-44 (Ohio Ct. App. Jan 26, 2006). On January 10, 2007, Applegarth filed a delayed motion with the court of appeals asking it to

reconsider the denial of his earlier motion. The court denied that motion as well. *Ohio v. Applegarth*, No. 05-CA-44 (Ohio Ct. App. Jan 29, 2007). Only then did Applegarth proceed to the Ohio Supreme Court. On February 16, 2007, he sought leave to file a delayed appeal from the court of appeals' January 26, 2006, order. The Ohio Supreme Court denied that request. *Ohio v. Applegarth*, No. 2007-0315 (Ohio Apr. 18, 2007). Applegarth did not seek further review in the United States Supreme Court.

Having exhausted his avenues for direct appeal, Applegarth filed a state habeas corpus petition on August 27, 2007, in which he presented various challenges to his sentence. The state trial court dismissed the petition, concluding that none of the claims were cognizable under the Ohio habeas statute. *Applegarth v. Smith*, No. 07CV0735 (Ohio Ct. Comm. Pleas Oct. 30, 2007).

Applegarth thereafter filed his federal habeas petition. The Warden moved to dismiss it as untimely. The district court granted the motion, but granted Applegarth a certificate of appealability as to whether his petition was timely.

This appeal followed.

## II.

We review de novo a district court's dismissal of a habeas petition as time-barred. *Souter v. Jones*, 395 F.3d 577, 584 (6th Cir. 2005). Because Applegarth filed his petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Act's one-year limitations period applies here. *See Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007).

## A.

Applegarth argues that his motions and petitions in state court entitle him to statutory tolling of the AEDPA limitations period. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). That provision "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

The Ohio trial court entered its judgment on September 27, 2005. Under Ohio law, Applegarth had thirty days to file his notice of appeal. *See* Ohio App. R. 4(A). He did not do so. Consequently, October 27, 2005 is "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review" and on which his federal habeas limitations period began to run. *See* § 2244(d)(1)(A).

That commencement date is unaffected by Applegarth's later efforts to obtain a delayed appeal. Although as a matter of Ohio state law "there is no discernable difference between a direct appeal and a delayed appeal[,]" *State v. Silsby*, 894 N.E.2d 667, 670 (Ohio 2008), there is a significant difference between those types of appeals for purposes of the AEDPA limitations period. Normally a direct appeal must be brought within a limited time, while a delayed appeal "can be sought at any time, even many years after conviction." *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (citation omitted). For that reason, among others, motions for a delayed appeal "are not part of the direct appeal" for the purposes of § 2244(d)(1). *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). Consequently, a motion for delayed appeal can only toll the limitations period, rather than

-3-

push out the date on which the period first begins to run. Otherwise the petitioner could "indefinitely delay the running of the statute of limitations in a federal habeas action by filing a delayed appeal in state court." *Searcy*, 246 F.3d at 516. We have applied this rule to motions under both Ohio Appellate Rule 5(A), *see Winkfield v. Bagley*, 66 F. App'x 578, 582 (6th Cir. 2003), and Ohio Supreme Court Practice Rule 2.2(a)(4)(A), *see Searcy,* 246 F.3d at 519.

Applegarth filed his Rule 5(A) motion for a delayed appeal on December 7, 2005. By then 40 days of his one-year limitations period had run. The Rule 5(A) motion tolled the clock until at least January 26, 2006, when the court of appeals denied the motion. *See* § 2244(d)(2). Applegarth had 45 days to seek discretionary review of that denial in the Ohio Supreme Court. Ohio S. Ct. Prac. R. 2.2(A)(1)(a). Had he timely done so, the limitations period would have remained tolled until the Ohio Supreme Court resolved his application. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) ("[A]n application is pending as long as the ordinary state collateral review process is 'in continuance'").

But Applegarth did not timely seek review of that denial. Instead, more than a year later, on January 10, 2007, he filed a Rule 26 motion in the court of appeals, asking it to reconsider its denial of his Rule 5(A) motion for a delayed appeal. *See* Ohio App. R. 26. That motion, we hold, did not toll the AEDPA period beyond the 45-day period described above. *See* Ohio S. Ct. Prac. R. 2.2(A)(1)(a). Otherwise, habeas petitioners could toll the AEDPA period as long as they choose. *Cf. Searcy*, 246 F.3d at 519. Thus, Applegarth's clock resumed running on March 14, 2006. By the time Applegarth filed his Rule 26 motion on January 10, 2007, then, another 302 days of his 365-day limitation period had passed, for a total of 342 days.

We next consider whether the January 10 motion had any tolling effect *after* that date. Only a "properly filed" application for post-conviction or collateral review tolls the AEDPA limitations period. § 2244(d)(2). In denying the January 10 motion, the Ohio Court of Appeals stated that the motion was not only meritless, but untimely—because under Rule 26(A) an application for reconsideration must be filed no later than 10 days after the court's decision. *Applegarth*, No. 05-CA-44. "[T]ime limits, no matter their form, are 'filing' conditions[.]" *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Thus Applegarth's Rule 26 motion was not properly filed for purposes of § 2244(d)(2). That it was meritless too, of course, does not render it properly filed. Thus the clock continued to run, uninterrupted, until the limitations period expired 23 days later, on February 1, 2007. Statutory tolling, therefore, does not render Applegarth's petition timely.

B.

Applegarth also argues that he is entitled to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418. Applegarth has not been diligent here. His case instead is a typical one in which the petitioner has missed a series of deadlines, including the one for his habeas petition. The district court properly denied his request for equitable relief.

C.

Applegarth finally argues that Ohio violated his right to counsel for purposes of a direct appeal of his sentence, and thereby created a "constitutional impediment" that prevented him from filing his federal habeas petition sooner. But Applegarth did not present this argument to the district

court.  The argument therefore is forfeited.  *See Chandler v. Jones*, 813 F.2d 773, 777 (6th Cir. 1987)

(rejecting habeas petitioner's attempt to raise new issues on appeal).

The district court's judgment is affirmed.