**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0362n.06

**No. 09-3379**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 04, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| EDDIE T. LEE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| TIM BRUNSMAN, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

**Before: BOGGS and MCKEAGUE, Circuit Judges; GOLDSMITH, District Judge.**[*]

**GOLDSMITH, District Judge.** Petitioner-Appellant Eddie Lee appeals the district court order dismissing his habeas petition as time-barred. We **AFFIRM**.

**FACTS AND PROCEDURAL HISTORY**

On August 13, 2003, Lee pleaded guilty in Ohio state court to three counts of aggravated robbery, with a firearm specification for each count. The state court sentenced Lee to seven years' imprisonment on each of the counts and imposed an additional three-year sentence for the firearm specification. The court ruled that the sentences were to be served consecutively, for a total sentence of 24 years. In its sentencing judgment, the trial court specifically stated:

[T]he shortest prison term is not required under R.C. 2929.14(B) because:

The Court finds that the shortest term will demean the seriousness of the defendant's conduct.

---

[*]The Honorable Mark A. Goldsmith, United States District Judge for the Eastern District of Michigan, sitting by designation.

> The shortest prison term will not adequately protect the public from future crime by the defendant or others.

The court also stated why it sentenced Lee to consecutive terms:

> The prison terms imposed in COUNTS ONE, TWO AND THREE are to be served CONSECUTIVE to each other because:
>
>> A gun specification term is imposed.
>>
>> Under R.C. 2929.14(E) it is necessary to protect the public and punish the defendant, consecutive terms are not disproportionate to the conduct of the defendant, the defendant poses danger, and
>>
>> The harm done by the defendant was so great or unusual that a single term does not adequately reflect the seriousness of the defendant's conduct.
>>
>> The defendant's criminal history shows that consecutive terms are needed to protect the public.

Lee did not file a timely appeal within the 30-day time period required by Ohio Appellate Rule 4(a); however, on November 3, 2003, Lee filed a motion for leave to file a delayed appeal with the Ohio Court of Appeals. The Ohio Court of Appeals denied the motion on December 22, 2003. Lee did not appeal the denial to the Ohio Supreme Court.

On June 21, 2005, Lee filed a motion for post-conviction relief in Ohio state court, citing *inter alia*, *Blakely v. Washington*, 542 U.S. 296 (2004), as a basis for relief. The court denied the motion on the basis of *res judicata* and also rejected the *Blakely* argument on the merits. On August 10, 2006, Lee filed a motion for leave to file a delayed appeal with the Ohio Court of Appeals, which was denied on September 28, 2006. Lee timely appealed this denial to the Ohio Supreme Court, and on February 7, 2007, the Ohio Supreme Court summarily denied leave to appeal.

No. 09-3379
*Lee v. Brunsman, Warden*

On January 25, 2008, Lee filed a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio. Lee argued that the state court had used judicial factfinding to enhance his sentence in violation of *Blakely*. The magistrate judge issued a report and recommendation concluding that Lee's petition should be dismissed as time-barred. The District Court adopted the report and recommendation, thereby not reaching the merits of Lee's *Blakely* argument. This appeal followed.

## DISCUSSION

On appeal, Lee argues that we may consider the merits of his *Blakely* argument even though he failed to file a timely habeas petition because (i) his habeas petition is subject to equitable tolling, and (ii) he is actually innocent of the sentence imposed on him. Lee further argues that the finding that permitted the court to impose consecutive sentences constituted judicial factfinding in violation of *Blakely*, which requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301. Lee argues that the minimum sentence allowable for the offense for which he pleaded guilty is six years, and that the imposition of consecutive sentences, "which were allowable under Ohio law only after the trial court engaged in judicial fact-finding at sentencing, run[s] afoul of *Blakely*." Appellant's Br. at 15.

3

## I. Standard of Review

We review *de novo* the lower court's determination that Lee's habeas petition was filed outside the statute of limitations. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).[1]

## II. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for habeas actions. 28 U.S.C. § 2244(d). Petitions for habeas corpus filed after the limitations period has run are subject to dismissal. *See, e.g.*, *Cook v. Stegall*, 295 F.3d at 519. Lee does not challenge the district court's conclusion that his habeas petition was not timely filed. After review of the record, we agree that Lee's habeas petition was not timely, and further conclude that no recognized exception applies that would save it from dismissal.

### A. Equitable Tolling

Lee argues that his habeas petition is subject to equitable tolling. Courts must consider equitable principles when ruling on a petition's timeliness. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). This is because the "writ of habeas corpus plays a vital role in protecting constitutional rights." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The equitable-tolling doctrine is to be used in exceptional circumstances and "relief should only be granted sparingly." *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (quoting *Cook*, 295 F.3d at 521). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some

---

[1] Where Lee's equitable tolling argument was arguably raised in the habeas petition, but not explicitly addressed by the District Court, *de novo* review is appropriate given that no facts material to that issue are in dispute. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001); *Kincade v. Wolfenbarger*, 324 F. App'x 482, 486 n.4 (6th Cir. 2009).

extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562. This Circuit has identified five factors to consider in determining whether a statute of limitations should be tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988)).

Lee has not argued that the factors, when applied to his case, weigh in favor of equitable tolling; in fact, Lee has not analyzed the *Andrews* factors at all. Instead, Lee argues that he would suffer a miscarriage of justice were he to be denied equitable tolling. The Supreme Court has recognized excusing procedural bars to a habeas petition in order to avoid a miscarriage of justice, but only upon a "strong showing of actual innocence." *Calderon v. Thompson*, 523 U.S. 538, 558 (1998); *see also Souter*, 395 F.3d at 588 ("In the present case, [the appellant] is not arguing for equitable tolling based on any of the *Andrews* factors; instead, he argues that because he has made a credible showing of actual innocence, equitable tolling should be applied to allow a court to consider his constitutional claims."). Lee argues that because he is "actually innocent of consecutive sentences," we should consider his habeas petition even though it is untimely.

We reject Lee's argument that he is entitled to an actual-innocence exception to the procedural bar for two reasons. First, this Circuit has only applied the exception if a petitioner is either (i) factually innocent of the crime for which he was convicted, or (ii) innocent of a death sentence in a capital case. Neither of those circumstances is applicable here. Second, Lee's

5

underlying *Blakely* argument that he is actually innocent of consecutive sentences is unpersuasive because *Blakely*, which was decided after Lee's conviction became final, does not apply retroactively. Accordingly, the district court was correct not to review the merits of Lee's habeas petition.

### 1. Actual Innocence

In extraordinary cases, a petitioner may raise a claim of actual innocence "to avoid a procedural bar to the consideration of the merits of his constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* The actual-innocence exception is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 315. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Similarly, a claim of legal innocence is insufficient to raise a miscarriage-of-justice claim. *Calderon*, 523 U.S. at 559 ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.") (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

In the capital-sentencing context, the Supreme Court has recognized "a narrow exception" by allowing the application of the actual-innocence exception where constitutional errors result in a death sentence for one who is actually innocent or the aggravating circumstances that render him eligible for the death penalty. *Dretke v. Haley*, 541 U.S. 386, 388 (2004) (citing *Sawyer*, 505 U.S.

6

333).[2] The Supreme Court has not extended the actual-innocence exception to include constitutional sentencing errors in non-capital cases. *Id.* at 393-94. Like the Supreme Court, this Circuit has not applied the actual-innocence exception to non-capital cases. *Gibbs v. United States*, 655 F.3d 473, 477-78 (6th Cir. 2011) (citing *Flahardy v. United States*, No. 95-5281, 1995 WL 570925, at *2 (6th Cir. Sept. 27, 1995) and *Black v. United States*, No. 95-5041, 1995 WL 445718, at *2 (6th Cir. July 26, 1995)).

Lee argues that we should follow the Second and Third Circuits, which, Lee argues, apply the exception in contexts similar to this case. Lee cites in support *Cristin v. Brennan*, 281 F.3d 404 (3d Cir. 2002) and *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162 (2d Cir. 2000). However, these cases are inapposite.

The *Cristin* court declined to take a position on whether the actual-innocence exception might apply in non-capital cases. *Cristin*, 281 F.3d at 422. Rather, the court simply rejected the petitioner's argument that he was actually innocent of the excessively long sentence that he received because the petitioner had provided no basis "for concluding that some factual finding at sentencing was erroneous." *Id*. The court noted that the "courts that have extended *Sawyer*'s holding on the 'actual innocence' of a sentence have uniformly done so in the context of testing the factual findings on which a particular non-capital sentence is based, such as prior convictions." *Id.*

---

[2] Specifically, the Supreme Court has held that "to show 'actual innocence' one must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992).

The *Spence* decision, too, emphasizes that the actual-innocence exception concerns challenges to erroneous factual findings. In *Spence*, the sentencing court concluded that the petitioner had committed an act that was a prerequisite to his receiving a sentence of jail time rather than probation. In his habeas petition, the petitioner challenged the sentencing court's erroneous factual determination that he had actually committed the act. The court concluded that the petitioner met the actual-innocence exception. *Spence*, 219 F.3d at 171-72 ("Where a sentencing court relies on the commission of an act subsequent to trial or to a guilty plea as grounds for raising the defendant's sentence for the original conviction, a petitioner may properly challenge the conclusion that he committed the subsequent act on the ground that he was actually innocent of it.").

Both *Cristin* and *Spence* are consistent with the idea that – if the actual-innocence exception applies in the non-capital context – a legitimate actual-innocence argument is a challenge to the correctness of a factual conclusion that was a prerequisite to the petitioner's sentence. In contrast, Lee does not challenge the correctness of the factual conclusions reached by the sentencing court. Rather, Lee's claim is that the sentencing court violated *Blakely* by the very act of engaging in factfinding, regardless of the correctness of that factfinding. In other words, Lee's complaint is that his sentencing was procedurally defective, not that he was actually innocent of any of the acts underlying his conviction. Because *Cristin* and *Spence* provide no support for the view that such a procedural defect satisfies the actual-innocence exception, Lee's reliance on these authorities is misplaced. Nor has Lee presented any case from any circuit that supports the proposition that the actual-innocence exception described in *Sawyer* may be extended to apply to procedural sentencing errors, particularly outside of the capital context.

Accordingly, Lee has not established that an actual-innocence exception to the AEDPA is applicable under the circumstances present in his case.

### 2. *Blakely*

Even if this court were to entertain Lee's actual-innocence argument, it is meritless. Lee bases his actual-innocence argument on *Blakely*, where the Supreme Court applied and extended the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Court explained:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

542 U.S. at 303-04 (citations omitted).

Related to the consecutive nature of Lee's sentence, the trial court found the following facts at sentencing:

> The prison terms imposed in COUNTS ONE, TWO AND THREE are to be served CONSECUTIVE to each other because:
>
> A gun specification term is imposed.
>
> Under R.C. 2929.14(E) it is necessary to protect the public and punish the defendant, consecutive terms are not disproportionate to the conduct of the defendant, the defendant poses danger, and

> The harm done by the defendant was so great or unusual that a single term
> does not adequately reflect the seriousness of the defendant's conduct.
>
> The defendant's criminal history shows that consecutive terms are needed to
> protect the public.

Lee argues that these findings by the trial court constitute constitutional error because, under *Blakely*, these facts should have been presented to a jury to decide.

*Blakely* relief is not available to Lee because Lee's conviction was final prior to *Blakely*. "Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Applying this general rule to *Blakely*, this Circuit has consistently held that the decision does not apply retroactively. *See, e.g.*, *Hicks v. United States*, 258 F. App'x 850, 854 (6th Cir. 2007) ("It is soundly established that *Blakely* and [*United States v.*] *Booker* [543 U.S. 220 (2005)] do not apply retroactively to cases on collateral review."); *Taniguchi v. United States*, 262 F. App'x 714, 715 (6th Cir. 2008) ("In *Humphress*, we held that *Blakely* and *Booker* do not apply retroactively to cases pending on collateral review.").[3] Lee's conviction became final on September 13, 2003 – 30 days after he was convicted when he did not timely appeal to the Allen County Court of Appeals, pursuant to Ohio Rule of Appellate Procedure 4(a). *See Applegarth v. Warden*, 377 F. App'x 448, 449 (6th Cir. 2010) (conviction final under Ohio law after 30-day time period expires, even where petitioner later filed a motion for a delayed appeal). *Blakely* was decided on March 23, 2004.

---

[3]Petitioner argues in his reply that the instant case is distinguishable from *Humphress*, which primarily dealt with the retroactivity of *Booker*. However, as demonstrated by *Hicks* and *Taniguchi*, this Circuit has not distinguished *Blakely* from *Booker* with respect to retroactivity.

Accordingly, even if we were to consider Lee's *Blakely* argument under the actual-innocence exception, Lee would not be entitled to relief.

## **CONCLUSION**

For the reasons set forth above, the district court order denying the habeas petition as time-barred was correct.  We **AFFIRM**.